**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Katherine E. Tammaro, Esq. (ID No. 010102005)
200 Campus Drive
Florham Park, New Jersey 07932
Tel: (973) 624-0800
Fax: (973) 624-0808
*Attorneys for Defendant Sentinel Insurance Company, Ltd.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PREFERRED MUTUAL INSURANCE COMPANY, | Civil Action No.: |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| SENTINEL INSURANCE COMPANY, LTD. | |
| Defendant. | |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTICT COURT FOR THE DISTRICT OF NEW JERSEY

Defendant, Sentinel Insurance Company, Ltd. ("Sentinel"), by and through its attorneys, Wilson Elser Moskowitz Edelman and Dicker LLP, hereby files this Notice of Removal for the removal of this case from the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441, et seq. In support thereof, Sentinel states as follows.

1

1. On or about August 29, 2022, Plaintiff Preferred Mutual Insurance Company ("Preferred Mutual"), commenced an action against Sentinel in the Superior Court of New Jersey, Law Division, Hudson County, captioned <u>Preferred Mutual Insurance Company v. Sentinel Insurance Company, Ltd.</u>, Docket No. HUD-DJ-2862-22 (the "State Court Action"). A copy of the complaint filed in State Court Action as provided to Sentinel by CT Corporation System is attached hereto as Exhibit "A".

2. The Complaint is the initial pleading served upon Sentinel via service upon CT Corporation System, East Hartford, CT by process server on September 1, 2022. A copy of the Service of Process Transmittal Summary is attached as the first two pages of Exhibit "A".

3. This notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b), having been filed on the next day that was not a Saturday, Sunday or legal holiday after October 1, 2022, which fell on a Saturday, which was thirty (30) days after service of the initial pleading setting forth the Plaintiff's claims for relief.

**THIS ACTION IS REMOVABLE ON THE BASIS OF DIVERSITY OF CITIZENSHIP JURISDICTION**

4. 28 U.S.C. § 1332(a)(1) provides, in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

and is between ... citizens of different States." The party seeking removal bears the burden of establishing diversity jurisdiction. *See, e.g., Herrick Co., Inc. v. SCS Communications, Inc.,* 251 F.3d 315 (2d Cir. 2001), citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936).

**A.** **This Action is Between Citizens of Different States**

5. Plaintiff Preferred Mutual is a corporation duly organized under the laws of the State of New York, having its principal place of business at One Preferred Way, New Berlin, New York.

6. Defendant Sentinel is a Connecticut corporation, having its principal place of business in Hartford, Connecticut.

7. Because Plaintiff and Defendant are not citizens of the same state, there is requisite diversity of citizenship sufficient for removal.

**B.** **The Amount in Controversy Exceeds $75,000, Exclusive of Interests and Costs**

8. The complaint in the State Court Action involves a coverage dispute between two insurance companies regarding coverage for and priority of coverage for the Underlying Action filed by Rochelle Finkelstein in the Law Division, Middlesex County, under Docket No. MID-L-294-18, alleging that on January 17, 2016, she was caused to slip and fall on or about 1188-1192 Green Street, Iselin, New Jersey. See Exhibit "A", ¶¶ 11-12.

9. Plaintiff alleges that the present dispute between Preferred and Sentinel relates to the existence, scope and extent of coverage, if any, available to Preferred with respect to the Underlying Action under the Sentinel Policy. See Exhibit "A", ¶ 3.

10. Plaintiff seeks a determination that Sentinel was obligated to defend and pay damages, including attorney's fees, in the Underlying Action. See Exhibit "A", ¶ 4.

11. Plaintiff alleges that the Underlying Action was settled for $150,000.00, with no contribution from the Sentinel Policy, on or about August 3, 2022. See Exhibit "A", ¶16.

12. Based upon the allegations and claims of the complaint filed in the State Court Action, Plaintiff is seeking at least $150,000.00 from Sentinel, exclusive of interests and costs.

13. Accordingly, Sentinel submits that the requisite amount in controversy for federal diversity jurisdiction is satisfied.

14. For these reasons, this case is properly removed to this Court on the basis of diversity of citizenship jurisdiction. 28 U.S.C. §1332(a)(1).

**C.   The Procedural Requirements For Removal Have Been Satisfied**

15. Service of the complaint was made upon Sentinel on September 1, 2022. Because this action satisfied the requirements of diversity jurisdiction when

filed, and because this Notice of Removal is being made within the time frame provided, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

16. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending." See 28 U.S.C. §1441(a).

17. This action has been on file for less than one (1) year under 28 U.S.C. § 1446(c).

18. Pursuant to 28 U.S.C. § 1446(d), Sentinel is filing written notice of this removal, in substantially the form attached hereto as "Exhibit B", with the Clerk of the Court in which the action is currently pending. A copy of Sentinel's Notice (to the Clerk of the Superior Court of New Jersey, Law Division, Hudson County) of Filing of Notice of Removal to the United States District Court, together with this Notice of Removal, is being served upon Plaintiffs pursuant to 28 U.S.C. § 1446(d).

19. Sentinel reserves the right to supplement this Notice of Removal.

20. By filing this Notice of Removal, Sentinel does not waive its right to object to service, service of process, the sufficiency of process, venue or jurisdiction, and reserves the right to assert any claims, defenses and/or objections to which it may be entitled.

Dated:  October 3, 2022

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN and DICKER LLP

By: *s/ Katherine E. Tammaro*
    Katherine E. Tammaro
    200 Campus Drive
    Florham Park, New Jersey 07932
    Tel.:  973-624-0800
    Fax:  973-624-0808
    Katherine.Tammaro@wilsonelser.com
    *Attorneys for Defendant,*
    *Sentinel Insurance Company, Ltd.*